UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 5:19-cr-612 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| OTIS McDAY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On March 4, 2021, defendant Otis McDay ("McDay" or "defendant") was sentenced to a custody term of 140 months, following his guilty pleas to possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. No. 47 (Judgment); *see* Minutes of Proceedings [non-document], 3/4/2021; Doc. No. 39 (Plea Agreement); Minutes of Proceedings, [non-document], 11/17/2020; *see also* Doc. No. 10 (Indictment).) Now before the Court is McDay's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 57.) Appointed counsel filed a notice of intent not to supplement McDay's *pro se* motion. (Doc. No. 60.) Plaintiff United States of America (the "government") filed an opposition to the motion and a supplement to its opposition. (Doc. No. 59 (Response); Doc. No. 61 (Supplement).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on

a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

McDay seeks a sentence reduction based on changes to the United States Sentencing Guidelines relating to the treatment of "status points," as set forth in Amendment 821, Part A. (Doc. No. 57, at 1.[1]) In his motion, he notes (without supporting documentation) that he has participated in prison programming, and he has "major throat problems" that have resulted in the removal of several tumors. (*Id*. at 4 ¶ 13.) Additionally, he represents (again, without any evidence) that he is the "main caretaker" for his elderly parents. (*Id*.) He asks that the Court consider his point reduction under Part A and his "health issues with tumors" in calculating any sentence reduction. (*Id*.)

Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court determined McDay's base offense level to be 26. (*See also* Doc. No. 42 (Final Presentence Investigation Report ("PSR")), at 7 ¶ 26.) McDay received a

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Chapter Four Enhancement for his status as a career offender, making his offense level 34 pursuant to U.S.S.G. § 4B1.1(b)(2). (*See also id.* at 7 ¶ 32; Doc. No. 54 (Sentencing Hearing Transcript), at 10.) He received a three level reduction for acceptance of responsibility, bringing his total offense level to 31. (*See also* Doc. No. 42, at 7–8 ¶¶ 33–35.) McDay had prior convictions for engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity, trafficking in marijuana, and having weapons while under a disability, which collectively scored 7 criminal history points. (*See also id.* at 11–13 ¶¶ 45–46, 48–49.) Because McDay committed the instant offenses while he was on probation, he received 2 additional "status points" under §4A1.1(d). (*See also id.* at 13 ¶ 50.) With a total of 9 criminal history points, the guidelines dictated that he was a criminal history category IV. (*See also id.* at 13 ¶ 51.) Because McDay was a career offender, however, his criminal history category was a category VI. (*See also id.* at 13 ¶ 52.) The advisory guideline range at offense level 31, criminal history category VI—factoring in the mandatory minimum sentence of 60 months for the weapons offense charged in Count 3, to be served consecutive to any other sentence—was 188 to 235 months. (*See also id.* at 17 ¶ 78.)[2] After applying any remaining relevant departures, the guideline sentencing range was reduced to 140 to 175 months. (*See* Doc. No. 48 (Statement of Reasons), at 4; *see also* Doc. No. 42, at 17 ¶ 79; Doc. No. 54, at 37.) The Court sentenced McDay to a custody term of 140 months, at the low end of the advisory guidelines range. (Doc. No. 47, at 2; Doc. No. 54, at 37.)

Under Part A of Amendment 821, McDay's criminal history score is reduced by 1 to 8, which corresponds to a criminal history category IV. But, by virtue of his status as a career

---

[2] As set forth in the PSR, applying the Career Offender Table for 18 U.S.C. § 924(c) resulted in an advisory sentencing range of 262 to 327 months. (*See also id*.)

3

offender, McDay's criminal history category must still be VI, and his advisory sentencing guideline range remains 140 to 175 months. Because his guideline range is undisturbed by the Amendment, he is ineligible for a reduction under Part A of Amendment 821. U.S.S.G. § 1B1.10 app. note 1(A) (stating "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline"); *see United States v. Cook*, 870 F.3d 464, 470 (6th Cir. 2017) (recognizing that Sixth Circuit "precedent clearly establishes that a defendant is not eligible for a sentence reduction when the defendant's initial sentence was based on his or her status as a career offender" (citation omitted)); *see, e.g., United States v. Braden*, 643 F. App'x 531, 535 (6th Cir. 2016) (holding that defendant, a career offender, was not eligible for a sentence reduction because the relevant amendment did not lower his applicable guidelines range (citations omitted)).

Because the amended guidelines concerning status points would not have affected the calculation of McDay's sentence, he is, therefore, ineligible for a reduction based on Part A of Amendment 821 concerning "status points." *See, e.g., United States v. Baker*, No. 1:11-cr-56, 2024 WL 3639658, at *2 (W.D. Mich. Aug. 2, 2024) (denying a sentence reduction under Part A, Amendment 821, to career offender because the "amended guidelines concerning status points do not affect the calculation of his sentence" (collecting cases)); *United States v. Rodriguez*, No. 3:95-cr-772, 2024 WL 2235518, at *2 (N.D. Ohio May 17, 2024) (similar). Further, because McDay is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the

4

sentence.³

Although it is unclear, it appears that McDay may also be seeking a compassionate release under 18 U.S.C. § 3582(c)(1)(A) based upon representations that he suffers from a medical condition and is the primary caretaker for his aging parents (*see* Doc. No. 57, at 4 ¶ 13). The government filed a supplement challenging McDay's right to a compassionate release.

As the government correctly notes, McDay has not demonstrated that he has exhausted his administrative remedies. Exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations omitted); *see United States v. Michl*, 1:21-cr-21-2, 2024 WL 3675819, at *3 (N.D. Ohio Aug. 6, 2024) ("As the party seeking a compassionate release, it is [defendant's] burden to show that he is entitled to relief, including that he has properly exhausted his administrative remedies." (citation omitted)). Accordingly, on this basis alone, McDay's request for a compassionate release (if he is even making such a request) is properly denied.

And even if the Court looks past his failure to exhaust, the Court would find that McDay

---

³ Even if the Court proceeded to the second stage, it would not give McDay a sentence reduction. The charges against McDay were serious. Drug trafficking is an inherently dangerous activity, made all the more dangerous by McDay's use of a firearm. McDay also has an extensive criminal record that began when he was only 18 years, spanned more than a quarter century, and included a number of drug trafficking and weapons offenses. (*See also* Doc. No. 42, at 8–13 ¶¶ 39–48.) Prior lengthy sentences have failed to impress upon McDay the need to curb his behavior and avoid drugs and weapons. (*See* Doc. No. 54, at 22–23.) McDay also has a history of parole violations, and he was on community control when he committed the present offenses, leading the Court to question whether he would be willing or able to abide by any terms of release. (*Id.* at 24; *see also* Doc. No. 42, at 8–9, 11, 13 ¶¶ 39, 41, 45, 50.) Based on the foregoing, the Court would have concluded that a sentence reduction would undermine the need for the sentence imposed to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence, and protect the public from further crimes of McDay. Based upon these same facts, the Court would have also found that McDay poses a danger to others, making early release inappropriate.

has not demonstrated the existence of extraordinary and compelling reasons that would warrant early release. He has made no attempt to provide evidence to show that his "throat problems" diminish his ability to provide self-care in the institution or constitute a medical condition for which he is not expected to recover. *See* U.S.S.G § 1B1.13, cmt. n.1(A)(ii). Additionally, McDay has provided no evidence to show that one or both of his parents are incapacitated, and that he is the only available caregiver. *See* § 1B1.13(b)(3)(C). In fact, McDay's sister—who spoke on his behalf at sentencing—his brother, and his two adult children live in the area, and McDay has not explained why one of them would not be able to provide care for McDay's parents. (*See* Doc. No. 54, at 19–22; *see also* Doc. No. 42, at 15 ¶¶ 61, 63.)

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 57) is denied.

**IT IS SO ORDERED**.

Dated: January 24, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

6